UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION , | ) ) Case number 1:06-CV-2337 |
| Plaintiff, | ) Case number 1:08-CV-1326 ) Case number 1:08-CV-1542 |
| DEAN OKAFOR and HAKIM NURIDDIN, | ) ) ) JUDGE ANN ALDRICH |
| Plaintiff-Intervenors, | ) |
| v. | ) ) |
| SPITZER MANAGEMENT, INC., et al., | ) MEMORANDUM OPINION AND ORDER |
| Defendants. | |

Before this court is a motion for leave to amend the complaint filed by plaintiff-intervenors Dean Okafor ("Okafor") and Hakim Nuriddin ("Nuriddin"), wherein they seek to add claims against Alan Spitzer. Defendants filed a response in opposition on March 17, 2010 [dkt. 66]. For the foregoing reasons, this court grants the motion.

**I. BACKGROUND**

The EEOC filed three suits in this court against Spitzer in September 2006,[1] May 2008,[2] and June 2008.[3] The suits allege that defendants Spitzer Motor City, Inc., and Spitzer Autoworld Cleveland, LLC (collectively "Spitzer") discriminated against some of its employees, including Okafor and Nuriddin, on the basis of national origin and ethnicity and retaliated against them for filing charges with the EEOC. Spitzer terminated Okafor on July 10, 2008 and Nuriddin on August 13, 2008. On September

---

[1]Case number 1:06-CV-2337

[2]Case number 1:08-CV-1326

[3]Case number 1:08-CV-1542

-1-

22, 2008, this court consolidated the three cases.[4] On that same day, Spitzer filed a civil suit against Okafor and Nuriddin in the Cuyahoga County Court of Common Pleas. On December 10, 2008, the EEOC found probable cause that Okafor and Nuriddin were discharged in retaliation for filing charges of discrimination and for participating in the Title VII enforcement actions.

Okafor and Nuriddin moved to intervene on January 30, 2009. On February 24, 2009, this court granted Okafor and Nuriddin's motion. Their complaint was filed on March 12, 2009. Discovery has proceeded and will not close until May 7, 2010. A jury trial is currently scheduled for September 27, 2010.

**II. LAW AND ARGUMENT**

Federal Rule of Civil Procedure 15(a)(2) provides that, when amending a complaint not as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Some of the factors a court should consider when determining whether to permit an amendment include lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue delay, undue prejudice to the opposing party, and futility of amendment. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

Undue prejudice would result if permitting the amendment would require the defendant to expend additional resources to conduct discovery and prepare for trial, significantly delay the resolution of the dispute, or prevent the plaintiff from bringing a timely action in another jurisdiction. *Phelps v. McClellan*, 30 F.3d 658 (6th Cir. 1994). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417,

---

[4]Case number 08-CV-02337 was designated as the lead case.

-2-

420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

## III. DISCUSSION

Spitzer argues that Okafor and Nuriddin's delay in filing their motion is undue, noting that the case has been pending for four years. Okafor and Nuriddin, however, intervened approximately one year ago. The alleged facts warranting an amendment were only discovered at Anthony Giardini's deposition, which was held on February 26, 2010. Okafor and Nuriddin had tried for several months to depose Giardini. Thus, it cannot be said that Okafor and Nuriddin's delay in filing their motion is undue. Spitzer further argues that granting the motion will cause prejudice to Spitzer. Specifically, Spitzer argues that any amendment will lead to further discovery. Given the complex nature of the case, additional discovery would neither be prejudicial nor surprising. As president of the companies at issue, Alan Spitzer has long known of the litigation and his potential role in the proceedings. Furthermore, this court is satisfied that the proposed amended complaint is sufficiently plausible to withstand a motion to dismiss. Thus, the amendment is not futile.

## IV. CONCLUSION

For the foregoing reasons, Okafor and Nuriddin's motion to amend the complaint is granted.

IT IS SO ORDERED.

*/s/ Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated:** April 8, 2010