UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION , | ) ) Case number 1:06-CV-2337 |
| Plaintiff, | ) Case number 1:08-CV-1326 ) Case number 1:08-CV-1542 |
| DEAN OKAFOR and HAKIM NURIDDIN, | ) ) ) JUDGE ANN ALDRICH |
| Plaintiff-Intervenors, | ) )  AMENDED |
| v. | ) ) MEMORANDUM OPINION AND |
| SPITZER MANAGEMENT, INC., et al., | ) ORDER |
| Defendants. | |

Before this court is a motion for a protective order or, alternatively, to quash filed by defendants Spitzer Management, Inc., Spitzer Motor City, Inc., Rex Davidson, and Mitchell Mincy (collectively, "Spitzer").  For the foregoing reasons, this court denies the motion.

Spitzer is accused of violating Title VII by discriminating against some of its employees on the basis of national origin, ethnicity, race and religion.  In addition, Spitzer is accused of subjecting certain employees to unlawful retaliation for engaging in conduct protected under Title VII.  In its answer, Spitzer asserted several defenses, including that it "exercises reasonable care to prevent and correct promptly any racially harassing or discriminatory behavior that might occur and Mr. Okafor and Mr. Marek unreasonable [sic] failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to otherwise avoid harm alleged in the Complaint."  [Dkt. 4, at 3].

On February 26, 2010, the plaintiffs deposed Anthony Giardini, a Spitzer officer and attorney. Prior to the deposition, the plaintiffs requested that Giardini "[p]roduce all invoices, time records, or other billing records for any work performed by this deponent or any entity owned or controlled by this

-1-

deponent for Spitzer Management Inc., any legal entity for whom Spitzer Management Inc. performs services[], and/or any current or former employee of any such entities." [Dkt. 57-1, at 3].

On February 25, 2010, Spitzer filed the instant motion. Spitzer claims that the discovery request was "wholly irrelevant, not calculated to lead to the discovery of admissible evidence, overly broad as to time and subject matter, and protected by the attorney-client and work product privileges." [Dkt. 57, 1-2]. Spitzer further claims that the request is a "fishing expedition, is interposed for improper purposes, is harassing, and should not be allowed." [Dkt. 57, at 2].

As Spitzer's counsel, Giardini investigated complaints of discrimination brought against Spitzer. The billing records will likely show the individuals with whom he spoke, for what duration, and on which date. This information is directly relevant to Spitzer's assertion that it "exercise[d] reasonable care to prevent and correct promptly any racially harassing or discriminatory behavior."

The requested information is also not protected by either the attorney-client privilege or the work product doctrine. Spitzer has asserted the *Faragher-Ellerth* affirmative defense, namely, that it exercised reasonable care to prevent and correct promptly any discriminatory behavior. *See Burlington Industries v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). By asserting a defense of adequate investigation, Spitzer has waived privileges for documents that constitute evidence of the investigation of the claims for discrimination. *See McKenna v. Nestle Purina PetCare Co.*, No

. 2:05-cv-0976, 2007 WL 433291, at *4 (S.D. Ohio February 5, 2007). Because Giardini's billing records do constitute evidence of his investigation, they are not protected by either the attorney-client privilege or the work product doctrine.

Accordingly, Spitzer's motion is denied.

IT IS SO ORDERED.

                                       */s/ Ann Aldrich*
                                       ANN ALDRICH
                                       UNITED STATES DISTRICT JUDGE

                                       **Dated:** April 9, 2010